UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANDREW LASTINE,

Petitioner,

v.

WARDEN NETHANJAH BREITENBACH,

Respondent.

Case No. 3:26-cv-00133-MMD-CLB

ORDER

*Pro se* Petitioner Andrew Lastine has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, a motion for leave to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel. (ECF Nos. 1 ("IFP Motion"), 1-1 ("Petition"), 1-2 ("Motion for Counsel").) The Court finds that good cause exists to grant the IFP Motion. And, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and grants the Motion for Counsel.

**I.     BACKGROUND**[1]

Lastine challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County. *State of Nev. v. Andrew Robert Allen Lastine*, CR22-4866. On May 30, 2024, the state court entered a judgment of conviction, resulting from a guilty plea, convicting Lastine of attempted murder of an older person. Lastine was sentenced to 72 to 180 months for the attempted murder conviction plus a consecutive term of 48 to 120 months for the enhancement. (ECF No. 1-1 at 27.)

---

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court for Washoe County found here and Nevada appellate courts found here.

Lastine states that he asked his trial counsel to file a direct appeal, but his trial counsel failed to do so. (*Id.* at 7.) Lastine has been attempting to receive his file from his trial counsel to be able to file a state habeas petition based upon his trial counsel's failure to file a direct appeal, but, because he has been unsuccessful so far, he filed his instant Petition as a protective petition. (*Id.*)

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

It appears that Lastine's Petition is wholly unexhausted and untimely. However, it also appears that Lastine has colorable grounds for a stay and colorable equitable tolling arguments. Accordingly, the Court directs that the Petition be served on Respondents.

The Court now turns to Lastine's Motion for Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

2

The Court provisionally appoints the Federal Public Defender to represent Lastine. The Court finds that the appointment of counsel is in the interests of justice given the fact that Lastine has previously been found to be incompetent[2] and suffers from mental health issues and learning disabilities. (*See* ECF No. 1-1 at 8.)

**III.     CONCLUSION**

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (5) send a copy of this Order to Lastine and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Lastine by filing a notice of appearance or (2) indicate the office's inability to represent Lastine in these proceedings. If the Federal Public Defender is unable to represent Lastine, the Court will appoint alternate counsel. Appointed counsel will represent Lastine in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

---

[2]*See* CV23-00176.

3

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Lastine remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 3rd Day of March 2026.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4